# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Mahmoud M. Soltan and Siri L. Soltan,   Civil No. 09-3711 (DWF/JJG)

    Plaintiffs,

v.  **MEMORANDUM OPINION AND ORDER**

Kathryn A. Coburn and Mac G. Brettingen,

    Defendants.

---

Mahmoud M. Soltan and Siri L. Soltan, *Pro Se*, Plaintiffs.

Steven R. Little, Esq., Coleman, Hull & van Vliet, PLLP, counsel for Defendants Kathryn A. Coburn and Mac G. Brettingen.

---

## INTRODUCTION

This matter is before the Court on the Defendants' motion for summary judgment.[1] (Doc. No. 33.) For the reasons stated below, the Court grants Defendants' motion.

## FACTUAL AND PROCEDURAL BACKGROUND

The general facts related to this matter are more fully set forth in the Court's Order dated March 31, 2009 (Doc. No. 21), which are herein incorporated by reference and

---

[1] The Court ruled from the bench in this matter and this written order memorializes the Court's ruling. The Court's remarks, except to the extent they are modified herein, are incorporated in this order.

summarized below.  Here, Defendants Kathryn A. Coburn and Mac G. Brettingen move for summary judgment based on *res judicata*.

Plaintiffs Mahmoud M. Soltan and Siri L. Soltan are former owners of certain real property.  Plaintiffs previously filed an ejectment action against the current owners of that property, Defendants Kathryn A. Coburn and Mac G. Brettingen (the "underlying action"). (Doc. No. 1-1.)  In the underlying action, the state court denied Plaintiffs' motion for summary judgment, granted Defendants' motion for summary judgment, and enjoined Plaintiffs from taking any further action to interfere with the Defendants' title or possession of the property.  (*Id.*)  Plaintiffs did not appeal the resulting state court judgment.

On December 29, 2009, Plaintiffs filed the present action in this Court.  In their Complaint, Plaintiffs alleged that the state court decision violated their federal due process rights.  (Doc. No. 1.)  They argue that they have superior right of title because they "have the fee simple estate in the land vested in them since September 2, 1993." (Doc. No. 50 at 1.)

## DISCUSSION

### I. Legal Standard

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party.  *Enter. Bank v. Magna Bank*

*of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996).  However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Enter. Bank*, 92 F.3d at 747.  The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial.  *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995).  A party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

**II.**   ***Res Judicata***

"The doctrine of *res judicata* applies to repetitive suits involving the same cause of action."  *Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001). *Res judicata* bars litigants from bringing claims on grounds that were raised or could have been raised when:  (1) a court of competent jurisdiction rendered the prior judgment; (2) the prior judgment was a final judgment on the merits; and (3) both cases involved the same cause of action and the same parties or their privities.  *Banks v. Int'l Union Elec., Elec., Tech., Salaried and Machine Workers*, 390 F.3d 1049, 1052 (8th Cir.

2004). A claim is barred by *res judicata* if it arises out of the same nucleus of operative facts as the prior claim. *Id.*

The Court agrees with Defendants that Plaintiffs' claims are barred by *res judicata*. Plaintiffs seek damages and injunctive relief for the November 23, 2009 state district court decision that rejected their claim regarding ownership of the real property at issue in this case. (Doc. No. 1 ¶¶ 16-18.) Plaintiffs claim that they have title to real property, which was foreclosed. The state court in Hennepin County entered summary judgment in favor of Defendants with respect to identical claims brought by Plaintiffs.[2] Plaintiffs' claims, therefore, arise from the same nucleus of operative facts as the claims litigated in the Hennepin County case. That court was a court of competent jurisdiction, and its grant of summary judgment and subsequent entry of judgment in favor of the Defendants was a final adjudication on the merits.

Further, the Court concludes that the case involved the same cause of action and the same parties or their privities. In the present suit, Plaintiffs assert the same claims they asserted in the prior state court actions–specifically that they, not the Defendants, have title to the real property at issue. Although Plaintiffs frame their complaint in this Court as a due process claim, the real issue is that they want the Court to find them to be the rightful owners of the real property.

---

[2] Plaintiffs argue that their "vested fee simple estate in their 'property' was never addressed by the United States District Court or Hennepin County District Court." (Doc. No. 50 at 3.) That is incorrect. This Court considered Plaintiffs' argument that they obtained a fee simple warranty deed in its March 31, 2010 Order. (Doc. No. 21 at 4, n.2.) Judge Zimmerman also considered that argument in his November 23, 2009 order. (Doc. No. 1-1 at 30.)

4

The Court concludes that *res judicata* bars Plaintiffs from re-litigating claims asserted in the state court action. Therefore, the Court grants Defendants' request for summary judgment.

**CONCLUSION**

If the parties wish to seek mediation in the matter, the Court encourages the parties to contact Judith Kirby, Calendar Clerk for Magistrate Judge Jeanne J. Graham at 651-848-1890, to schedule a settlement conference.

**ORDER**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Defendants' motion for summary judgment (Doc. No. 33) is **GRANTED**; and

2. Plaintiffs' claims against the Defendants are **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 6, 2010
s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge