# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Mahmoud M. Soltan and Siri L. Soltan, | Civil No. 09-3711 (DWF/JJG) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Kathryn A. Coburn and Mac G. Brettingen, | |
| Defendants. | |

Mahmoud M. Soltan and Siri L. Soltan, *Pro Se*, Plaintiffs.

Steven R. Little, Esq., and Noelle D. Nielsen, Esq., Coleman, Hull & van Vliet, PLLP, counsel for Defendants Kathryn A. Coburn and Mac G. Brettingen.

## INTRODUCTION

This matter is before the Court on the Defendants' motion for sanctions.[1] (Doc. No. 45.) For the reasons stated below, the Court grants Defendants' motion.

## FACTUAL AND PROCEDURAL BACKGROUND

The general facts related to this matter are more fully set forth in the Court's Order dated March 31, 2009 (Doc. No. 21) and the Court's other Order dated today granting Defendants' motion for summary judgment, which are herein incorporated by reference and summarized below.

---

[1] The Court ruled from the bench in this matter in substantial part and this written order memorializes the Court's ruling. The Court's remarks, except to the extent they are modified herein, are incorporated in this order.

In 2005, Plaintiffs Mahmoud M. Soltan and Siri L. Soltan defaulted on a mortgage for certain real property. Plaintiffs' interest in the property was foreclosed upon in 2005, and they were forcibly evicted from the property in 2006. Defendants Kathryn A. Coburn and Mac G. Brettingen purchased the property in 2007 from a non-party, Gallop Solutions, Inc.

The present lawsuit is Plaintiffs' third suit against Defendants filed in an attempt to regain possession of the real property.[2]

## DISCUSSION

Defendants Kathryn A. Coburn and Mac G. Brettingen move for sanctions against Plaintiffs Mahmoud M. Soltan and Siri L. Soltan. (Doc. No. 45.) Defendants' motion requests that, pursuant to Rule 11, Federal Rules of Civil Procedure, Plaintiffs should be barred, as a frivolous litigant, from filing any lawsuits against Defendants or regarding the facts alleged in the Complaint here, without permission of the Court or representation by an attorney. Defendants have not requested attorney fees and costs at this time.

---

[2] Plaintiffs' first action against Defendants was brought in federal court (Doc. No. 35-1 at 37-41) and was dismissed for lack of diversity and subject matter jurisdiction. (Doc. No. 35-1 at 42-45.) Plaintiffs' second action against Defendants was brought in state court. (Doc. No. 35-1 at 46-61.) In that suit, Hennepin County District Court Judge Lloyd B. Zimmerman granted Defendants' motion for summary judgment and enjoined Plaintiffs' from taking any further action to interfere with Defendants' title or possession of the property. (Doc. No. 35-1 at 62-73.) Judge Zimmerman also granted Defendants' motion for summary judgment on their counterclaim for slander of title. (Doc. No. 35-1 at 72.) In addition to the suits filed against Defendants, Plaintiffs have also appealed the housing court's judgment issued in the eviction action, which the district court and the Minnesota Court of Appeals affirmed. *JBI & Assocs., Inc. v. Soltan*, A05-1031, 2006 WL 1229484 (May 9, 2006).

Rule 11, Federal Rules of Civil Procedure, requires that submissions to the Court be signed by the filing party as an attestation that the filing "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and further attesting, that "the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law."

Under Rule 11, this Court applies an "objective reasonableness" standard to determine whether the pleading was frivolous, groundless, or advanced for an improper purpose. *Pulaski County Republican Comm. v. Pulaski County Bd. of Election Comm'rs*, 956 F.2d 172, 173 (8th Cir. 1992). These standards apply equally to *pro se* litigants. *Bus. Guides, Inc. v. Chromatic Commc'n Enters., Inc.*, 498 U.S. 533, 542 (1991).

The Court finds that plaintiffs have filed this action in violation of Rule 11. Despite the prior judgments against them, involving virtually identical parties and theories, Plaintiffs have subjected Defendants to further expense and vexation. Defendants and this Court have expended their resources to revisit Plaintiffs' meritless claims.

Thus, the Court concludes that sanctions are appropriate. Plaintiffs are hereafter barred from filing any lawsuits in this or any other court, against these named defendants or regarding this real property, absent the signature of an attorney admitted to this Court or prior leave of an appointed judicial officer of the state or federal courts of Minnesota.

*See Sands v. Prod. Credit Ass'n of Fairmont*, Civil No. 92-CV-606, 1993 WL 23592 (D. Minn. Jan. 13, 1993) (Rosenbaum, J.).

Based on the foregoing, and all the files, records and proceedings herein, and for the reasons set forth above and stated during oral hearing on the matter, **IT IS HEREBY ORDERED** that:

1. Plaintiffs Mahmoud M. Soltan and Siri L. Soltan, and anyone acting in concert or cooperation with them, are barred from filing any further lawsuits against Defendants Kathryn A. Coburn and Mac G. Brettingen or involving the parcel located in Hennepin County and described as follows:

> 288 Greenhill Lane, Long Lake, Minnesota 55356, legally described as "Lot 6, Block 1, East Knoll, Hennepin County, Minnesota"

unless either (1) the pleadings related to any such lawsuit are signed, pursuant to Federal Rule of Civil Procedure 11, by an attorney admitted to this Court, or (2) a judicial officer of this District has authorized the filing of such pleadings in advance;

2. The Clerk of this Court is instructed that it may not accept for filing any further lawsuits involving the parcel located in Hennepin County and described as follows:

> 288 Greenhill Lane, Long Lake, Minnesota 55356, legally described as "Lot 6, Block 1, East Knoll, Hennepin County, Minnesota."

Nor may it accept any lawsuits concerning the property absent the signature of an attorney admitted to practice in the United States District Court for the District of Minnesota or the prior leave of an appointed judicial officer of this District. The

4

signature of an attorney on any complaint filed in this regard shall explicitly affirm that the attorney has reviewed this order.

Nor may it accept any lawsuits filed on behalf of Plaintiffs against Defendants.


Dated: August 6, 2010          s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge